UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NIKKI DIXON,

    Plaintiff,

v.

SSS EDUCATION INC., a foreign for profit corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NIKKI DIXON (hereinafter "MS. DIXON") hereby takes this civil action for damages against SSS EDUCATION INC., a foreign for profit corporation ("Jersey College"), and states:

## JURISDICTION AND VENUE

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") on the basis of race discrimination and harassment.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. MS. DIXON is *sui juris*, over 18 years of age, is a citizen of the United States, and at all times material hereto was employed by Jersey College as an Assistant Dean working primarily out of the school's Broward County campus.

4. Jersey College, a nonparty at this time likely to be added as discovery dictates, is the fictitious name of SSS Education, Inc., a for-profit Florida foreign corporation.

The company's registered agent is Steven Litvack, 3625 Queen Palm Drive, Tampa, Florida 33619.  At all times material hereto, Jersey College maintained and operated multiple nursing school campuses in Florida, including one in Broward County, Florida.

5. The Southern District of Florida is the proper venue because (a) the violations occurred in the Southern District of Florida, and (b) all of the parties either reside in or transact business in the Southern District of Florida.

6. At all relevant times, Anne McSoley ("MCSOLEY") was the Vice-President of Jersey College, working primarily out of the school's Broward County, Floirda campus location.

7. On or about June 20, 2014, MCSOLEY actually and intentionally struck MS. DIXON, against her will and or without her permission, in the head with a foreign object while they were working together at Jersey College.  This contact was harmful and/or offensive to MS. DIXON.  Moreover, MS. DIXON had done nothing to provoke being struck in the head with a foreign object.

8. Simultaneously and/or around the time MCSOLEY struck MS. DIXON in the head, MCSOLEY, a 75+ year old white female, made the following racial remarks to MS. DIXON, a 40+ year old African American female: "You idiot, you dummy!" and "You have one slave master in Florida and one in New Jersey.  I'm your 'masa' in Florida, and Gregg Karr is your 'masa' in New Jersey."

9. As a direct, proximate, and/or consequential result of MCSOLEY's conduct as outlined in paragraphs 7 and 8 above, MS. DIXON suffered a physical injury to

her head, pain and suffering, mental anguish and or disturbance, including fright, revulsion, and or humiliation, and incurred medical expenses to treat same.

## COUNT I

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

10. MS. DIXON realleges and incorporates by reference Paragraphs 1 through 9 above as if fully set forth herein.

11. MS. DIXON experienced deliberate and reckless inflicted mental suffering from Jersey College.

12. Jersey College's conduct was intentional or reckless when it knew or should have known that emotional distress would likely result.

13. Jersey College's conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

14. Jersey College's conduct caused severe emotion distress.

15. The emotional distress MS. DIXON experienced was severe.

WHEREFORE, MS. DIXON demands judgment against JERSEY COLLEGE for any and all damages recoverable under Florida law.

## COUNT II

## HOSTILE WORK ENVIRONMENT

16. MS. DIXON realleges and incorporates by reference Paragraphs 1 through 9.

17. MS. DIXON belongs to a protected group.

18. MS. DIXON has been subject to unwelcome harassment.

19. The harassment was based on a protected characteristic of MS. DIXON.

**LOCKE LAW, P.A.** 3

20. The harassment was sufficiently severe or pervasive to alter the terms or conditions of employment and create a discriminatorily abusive working environment.

21. Jersey College is responsible for such environment under a theory of either vicarious or direct liability.

WHEREFORE, MS. DIXON respectfully requests that this Court enter judgment in her favor and against Jersey College, awarding MS. DIXON any and all damages recoverable under the law and attorney's fees and costs.

### DEMAND FOR JURY TRIAL

MS. DIXON demands a trial by jury.

Dated: September 24, 2018.                                  Respectfully submitted,

_____
Wendell Locke, For the Firm
Florida Bar No. 119260
wendell@lockefirm.com

**LOCKE LAW, P.A.**
Attorneys for Plaintiff
8201 Peters Road
Suite 1000
Plantation, Florida 33324
954.382.8858 office
954.827.0998 facsimile